# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. MEROS, | : | |
| | : | |
| | : | Case No. 2:17-CV-103 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| CHRISTA A. DIMON, *et al.* | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on the motions to dismiss of Defendants Emily Sweeney (ECF. No. 10); Michael Brooks Rorapaugh (ECF No. 14); Jonathan E. Coughlan, Christa A. Dimon, and Matthew Hilbert (ECF No. 17). Defendants' motions are **GRANTED**. Plaintiff Thomas Meros's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

In January 2017, Plaintiff Thomas Meros, a disbarred attorney, filed a RICO complaint in the Franklin County Court of Common Pleas against a number of defendants, which was removed to this Court by Defendant Emily Sweeney on February 2, 2017. (*See* ECF Nos. 1, 4.) This rambling, 182-page complaint contains allegations about a purported "complex but perpetual criminal enterprise" with "many actors committing many predicate and overt acts" dating back to 1993. (Compl. ¶ 1.) Meros alleges that this "RICO enterprise" exists to destroy his ability to earn a living through the practice of law and divest Meros of all of his property. (*Id*. ¶ 2.) Meros claims damages to his business and law practice, loss of wages and goodwill, and harm to his reputation resulting from Defendants' enterprise. (*See id*. ¶¶ 143, 158.) In the remainder of the 400-paragraph RICO complaint, Meros accuses various defendants of

tampering with evidence (*see id.* ¶ 3), "depriving the citizens of Ohio of an honest court and justice system" (*id.* ¶ 6), extortion and bribery (*see, e.g.*, *id.* ¶ 48), and fraud. (*See, e.g.*, *id.* ¶ 55.) In paragraphs that regularly span half of a page, Meros addresses nonsensical topics and discusses the conduct of individuals not even named as parties to the lawsuit.

In reality, it appears that Meros's RICO claims are tied to those associated with the loss of his law license—a result reached after multiple disciplinary and judicial proceedings.[1] This is not the first lawsuit Meros has brought against those he "apparently perceives as responsible for the loss of his law license." (*See* ECF No. 10 at 2.) Indeed, Meros has filed litigation in state court, and three previous federal cases arising out of the loss of his law license (*Meros v. Kilbane, et al.*, Northern District of Ohio, No. 1:95-cv-1660; *Meros v. O'Donnell, et al.*, Northern District of Ohio, No. 1:07-cv-436; and *Meros v. Sweeney, et al.*, Southern District of Ohio, No. 2:00-cv-396)—all of which were dismissed.[2] (*See id.*)

Defendants move to dismiss Meros's complaint on jurisdictional grounds and for failure to state a claim. All of the pending motions are currently unanswered. Meros moved for extensions of time to respond to two of these motions (*see* ECF Nos. 36, 47), but the Court denied them for lack of good cause shown. (*See* ECF Nos. 43, 54.) During the pendency of

---

[1] Meros was first suspended from the practice of law in 1998. *Disciplinary Counsel v. Meros*, 699 N.E.2d 458 (Ohio 1998). Following his filing of a suit against a former client, an attorney, and several judges, the Board of Commissioners on Grievances and Discipline of the Supreme Court found that Meros had engaged in conduct that was prejudicial to the administration of justice, engaged in conduct that adversely reflected upon his fitness to practice law, failed to preserve the confidence of a client, and asserted a position merely to harass or maliciously injure another, and suspended Meros from practice for 18 months. *Id.* at 459. Meros was permanently disbarred for additional ethical infractions, including his failure to cooperate with a disciplinary investigation, in July 2000. *See Cuyahoga Cty. Bar Ass'n. v. Meros*, 731 N.E. 2d 629 (Ohio 2000).

[2] In ruling on a motion to dismiss, a court may consider matters outside the pleadings without converting the motion into one for summary judgment if those matters "simply fill[] in the contours and details of the plaintiff's complaint, and add []nothing new." *Yearly v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). Such matters include public documents of which the Court can take judicial notice. *See Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

these dispositive motions, Meros has filed frequent requests for extensions and other nondispositive motions. (*See.*, *e.g.*, ECF Nos. 35, 55, 56.)

## II. LAW AND ANALYSIS

Under this Court's Local Rules, a party must file a memorandum in opposition to a motion within 21 days after the date of service of the motion. S.D. Ohio Civ. R. 7.2(a)(2). "Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment." *Id*. "[D]ismissal without prejudice is not a final judgment." *Rayfield v. Am. Reliable Ins. Co.*, 641 F. App'x 533, 537 (6th Cir. 2016). In *Smith v. Muncy*, the Sixth Circuit affirmed a district court's dismissal of a plaintiff's claims without prejudice where the plaintiff failed to respond to defendant's motion to dismiss for lack of subject matter jurisdiction and where the court's local rules provided that failure to file an opposing memorandum may be grounds to grant the motion. *Smith v. Muncy*, 89 F.3d 835 (6th Cir. 1996) (unpublished table decision).

Upon review of the record, the Court observes that Meros has failed to respond to Defendants' motions to dismiss his claims. Because Meros has failed to respond to these motions, like the district court in *Smith*, the Court assumes that this failure is "evidence of [Meros's] agreement that the action should be dismissed." *Smith*, 89 F.3d at 835. For all of these reasons, the Court **DISMISSES** Meros's claims against Defendants without prejudice.

## III. CONCLUSION

For the reasons, Defendants' motions are **GRANTED.** Meros's claims against these Defendants are dismissed **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                        **/s/ Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: September 27, 2017**